ALICE G. MURRAY *vs.* PAWTUXET VALLEY STREET RAILWAY .COMPANY.

PROVIDENCE—MAY 28, 1903.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1) *Street Railways. Negligence. Burden of Proof.*

The burden of proving that plaintiff was in the exercise of due care at the time of the accident is maintained by evidence that plaintiff was quietly sitting in the car at the time.

(2) *Burden of Proof. Presumption of Negligence.*

*Res ipsa loquitur* is the maxim applicable to cases where the cause of injury to passengers arises from the breaking down of apparatus wholly under the control of the common carrier.

(3) *Negligence of Common Carrier.*

Where an accident occurred from the breaking down of apparatus of an electric car, but it appeared that the apparatus was manufactured by a reputable concern; that it had never been used before upon any car; that it had been inspected by an expert of defendant on the afternoon before the accident and found to be in good order; that the car was going at a low rate of speed and that the cause of the break was in no way apparent, and no evidence was offered by plaintiff to show that the apparatus was inferior or weak and no attempt was made to discredit the inspection, a verdict for defendant will not be set aside.

TRESPASS ON THE CASE for negligence. Heard upon the plaintiff's petition for new trial. Petition denied.

DUBOIS, J. The plaintiff, while a passenger in one of the defendant's electric cars, was thrown from her seat and injured by its sudden stop through accident.

It appears that the motor underneath the floor of the car was attached thereto by two bearings upon an axle which held its

principal weight, while a bolt or pin on its front end passed through a hole in the centre of a wrought iron suspension bar placed edgewise in front of the motor from side to side of the truck, and steadied it and supported the remainder of its weight. This bar, a part of the car truck, was about four feet long, five-eights of an inch thick, and was five inches wide, excepting that in the middle about the hole the width had there been increased to preserve its strength.

The accident was due to the breaking of this suspension bar. The break occurred in the centre, from the hole downward, allowing the pin to drop out and the forward end of the motor to fall upon the ground, causing the car to stop suddenly.

(1)   The burden of proving that the plaintiff was in the exercise of due care at the time of the accident was maintained by evidence that she was quietly sitting in the car at the time. In such a position she could not have contributed anything to cause the breaking of the suspension bar beneath the floor under her.

(2)   The burden of proving that the accident was due to the negligence of the defendant was sustained by the presumption of negligence arising out of a consideration of the cause of the accident itself. The mere fact that the bar broke and let the motor fall is inferentially evidence of negligence on the part of the defendant. *Res ipsa loquitur*, is the maxim applicable to cases where the cause of injuries to passengers arises from the breaking down of apparatus wholly under the control of the common carrier.

"It is a presumption raised by the law on grounds of public policy, which makes out a *prima facie* case against the carrier unless it is rebutted to the satisfaction of the jury." Thompson on Negligence, § 2, 773.

The plaintiff having thus presented a *prima facie* case, the burden was cast upon the defendant to rebut the presumption to the satisfaction of the jury.

(3)   The defendant offered evidence to the effect that the car truck, of which the suspension bar formed a part, was manufactured by the Franklin Foundry Company, of Providence, a reputable concern in that line of business, under the Munier

patent; that it was purchased directly from the Franklin Foundry Company, and came all ready to place under the car; that the truck was a new one and had never been in use upon any other car; that the cars of the defendant company were inspected to discover defects every day when in use; that this car in which the plaintiff sustained injury was placed over a pit and inspected by an expert of ten years' experience on the afternoon before the accident and was found to be in good order; all the bars, nuts, and bolts were tested with hammer and wrench, and everything was found to be sound; that the car was not run after the inspection until the morning of the accident, when it was subjected to a slight inspection by the motorman who ran it; that after it had been run about eighteen miles and about one hundred and fifty feet beyond a sharp curve which the car had rounded, the suspension bar broke; that the break was clean and fresh and did not even show a flaw, and that the cause of the breaking was in no way apparent; that the speed of the car at the time of the accident was six or eight miles an hour. In the opinion of the foreman of the defendant's repair shop the suspension bar was broken either by the weight of the motor upon it, or the jar of the motor—the rise and drop of it.

No evidence in rebuttal was introduced by the plaintiff, and the case was submitted to the jury, who found for the defendant, and the plaintiff petitioned for a new trial upon the ground that the verdict was against the evidence and the weight thereof.

The defendant having satisfied the jury by evidence not only that it purchased the broken appliance from a reputable maker and dealer in such commodities, but had made daily inspections of the same by an expert employed for that purpose, without any attempt upon the part of the plaintiff to meet it with evidence tending to show that the bar was unlike or inferior to other bars in use for like purposes, or that it was too thin, too narrow, or too weak, and without offering evidence tending to throw discredit upon the kind of inspection that was made or upon the competency of the inspector, the jury was justified in arriving at a verdict for the defendant.

"It is the general rule that where unimpeached witnesses testify distinctly and positively to facts which are uncontradicted, their testimony suffices to overcome a mere presumption." *Robinson* v. *N. Y. Central R. R. Co.*, 9 Fed. Rep. 877.

Petition for a new trial denied, and case remanded to the Common Pleas Division with direction to enter judgment for the defendant.